United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41261
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRISTOBAL HERNANDEZ-LOSOYA,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-272-03
--------------------

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

Cristobal Hernandez-Losoya appeals the sentence imposed by the

district court following his guilty-plea conviction for possession

with intent to distribute in excess of 100 kilograms of marijuana

in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B). He argues that

the district court's determination that it was bound to impose the

statutory mandatory minimum sentence was plain error and an

incorrect application of the Guidelines in light of United States

v. Booker, 543 U.S. 220 (2005). Because Hernandez-Losoya did not

raise this issue in the district court, review is limited to plain

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error.  See United States v. Cotton, 535 U.S. 625, 631-32 (2002).

Hernandez-Losoya has not shown that Booker rendered the application of the "safety valve" provision or the statutory mandatory minimum sentences in § 841 discretionary.  He has not shown that the sentencing judge would have reached a significantly different result under an advisory sentencing scheme.  See United States v. Mares, 402 F.3d 511, 521 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).  Accordingly, Hernandez-Losoya has not shown that the district court committed error, much less plain error, by sentencing him to the statutory mandatory minimum sentence or by declining to apply the "safety valve" provision when he failed to meet the criteria.  See Cotton, 535 U.S. at 631-32.

AFFIRMED.